# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### PIKEVILLE

THE COUNTY OF FLOYD,

        Plaintiff,

    v.

PURDUE PHARMA, LP, PURDUE PHARMA,
INC., THE PURDUE FREDERICK COMPANY,
INC., TEVA PHARMACEUTICALS USA,
INC., CEPHALON, INC., JOHNSON &
JOHNSON, JANSSEN PHARMACEUTICALS,
INC., ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC. N/K/A JANSSEN
PHARMACEUTICALS, INC., JANSSEN
PHARMACEUTICA, INC., N/K/A JANSSEN
PHARMACEUTICALS, INC., ENDO
PHARMACEUTICALS INC., ALLERGAN PLC
F/K/A ACTAVIS, PLC., ACTAVIS, INC. F/K/A
WATSON PHARMACEUTICALS, INC.,
WATSON LABORATORIES, INC., INSYS
THERAPEUTICS, INC., ACTAVIS, LLC,
ACTAVIS PHARMA, INC. F/K/A WATSON
PHARMA, INC., ENDO HEALTH
SOLUTIONS INC., MCKESSON
CORPORATION, CARDINAL HEALTH, INC.,
AMERISOURCEBERGEN CORPORATION,
RUSSELL PORTENOY, PERRY FINE, SCOTT
FISHMAN, LYNN WEBSTER, MAGNA
PHARMACEUTICALS, INC., XANODYNE
PHARMACEUTICALS, INC., and RICHIE
ENTERPRISES, LLC D/B/A RICHIE
PHARMACAL

        Defendants.

Case No.: 7:17-cv-00186-GFVT

# ENDO HEALTH SOLUTIONS INC. AND ENDO PHARMACEUTICALS INC.'S
## OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................... ii

BACKGROUND .....................................................................................................4

ARGUMENT .........................................................................................................6

I.    THE COURT SHOULD DENY THE MOTION TO REMAND AS TO THE
      DIVERSE MANUFACTURER AND PHYSICIAN DEFENDANTS ............................6

      A.    The Court Has Diversity Jurisdiction Because the Non-Diverse
            Defendants Are Fraudulently Joined ................................................7

      B.    The Court Alternatively Has Diversity Jurisdiction Because the
            Distributor Defendants and Nominal Manufacturer Defendants Should
            Be Severed Under Federal Rule of Civil Procedure 21 ........................11

            1.    The Distributor Defendants and Nominal Manufacturer
                  Defendants Are Unnecessary and Dispensable Parties Under
                  Rule 19 ...........................................................................11

            2.    The Distributor Defendants and Nominal Manufacturer
                  Defendants Are Also Misjoined Under Rule 20 .......................18

      C.    In the Alternative, the Court Can Uphold Removal Under the
            Fraudulent Misjoinder Doctrine...........................................................20

CONCLUSION.......................................................................................................22

# TABLE OF AUTHORITIES

Page(s)

CASES

*Alexander v. Elec. Data Sys. Corp.*,
  13 F.3d 940 (6th Cir. 1994) ...................................................................................7

*Anderson v. State Farm Mut. Auto. Ins. Co.*,
  No. 4:08CV345, 2008 WL 11366408 (N.D. Fla. Nov. 10, 2008) .........................19

*Asher v. Minn. Mining & Mfg. Co.*,
  No. Civ.A. 04-CV-522, 2005 WL 1593941 (E.D. Ky. June 30, 2005) ............................21, 22

*Beshear v. Volkswagen Grp. of Am., Inc.*,
  No. 16-CV-27-GFVT, 2016 WL 3040492 (E.D. Ky. May 25, 2016) ...................16

*Cammack New Liberty, LLC v. Vizterra, LLC*,
  No. CIV.A. 3:09-15-DCR, 2009 WL 2043568 (E.D. Ky. July 13, 2009) ...............9

*Casias v. Wal-Mart Stores, Inc.*,
  695 F.3d 428 (6th Cir. 2012) ..................................................................................7

*City of Brownsville v. Sw. Bell Tel. Co.*,
  No. CIV. A. B-90-200, 1991 WL 107403 (S.D. Tex. June 6, 1991) .......................9

*City of Huntington v. AmerisourceBergen Drug Corp.*,
  No. 3:17-01362, 2017 WL 3317300 (S.D. W. Va. Aug. 3, 2017) ........................21

*Cooke-Bates v. Bayer Corp.*,
  No. 3:10-cv-261, 2010 WL 3984830 (E.D. Va. Oct. 8, 2010) ...................14, 16, 18

*Couch ex rel. Couch v. Purdue Pharma L.P.*,
  No. CIV.A. 01-370-DCR, 2002 WL 32097529 (E.D. Ky. Jan. 31, 2002)...............10

*Coyne v. Am. Tobacco Co.*,
  183 F.3d 488 (6th Cir. 1999) ..................................................................................7

*Cty. Comm'n of McDowell Cty. v. McKesson Corp.*,
  No. 1:17-00946, 2017 WL 2843614 (S.D. W. Va. July 3, 2017) .........................21

*DeGidio v. Centocor, Inc.*,
  No. 3:09CV721, 2009 WL 1867676 (N.D. Ohio July 8, 2009)...................14, 15, 17

*DirecTV, Inc. v. Beecher*,
    296 F. Supp. 2d 937 (S.D. Ind. 2003) .................................................................19

*First Merchs. Tr. Co. v. Wal-Mart Stores E., LP*,
    630 F. Supp. 2d 964 (S.D. Ind. 2008) ...................................................................9

*Griffin v. Middlefork Ins. Agency*,
    No. CV 17-215-DLB, 2017 WL 4413403 (E.D. Ky. Oct. 4, 2017)...........................9

*Howard v. CitiFinancial, Inc.*,
    195 F. Supp. 2d 811 (S.D. Miss. 2002), *aff'd and remanded sub nom. Ross v.
    Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003) ....................................................9

*in Cohen v. Office Depot, Inc.*,
    204 F.3d 1069 (11th Cir. 2000) .............................................................................20

*Johnson v. Bartley*,
    2015 WL 5612251 (E.D. Ky. Sept. 21, 2015) ......................................................17

*Joseph v. Baxter Int'l, Inc.*,
    614 F. Supp. 2d 868 (N.D. Ohio 2009).......................................................... *passim*

*Kelly v. Aultman Physician Ctr.*,
    No. 5:13CV0994, 2013 WL 2358583 (N.D. Ohio May 29, 2013) ...................14, 18

*Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*,
    No. Civ.A. 02-2435-CM, 2003 WL 21313957 (D. Kan. May 23, 2003) ...........19, 20

*Lucas v. Springhill Hosps., Inc.*,
    No. 1:09HC60016, 2009 WL 1652155 (N.D. Ohio June 11, 2009).........................14

*Mayfield v. London Women's Care, PLLC*,
    No. 15-19-DLB, 2015 WL 3440492 (E.D. Ky. May 28, 2015)........................ *passim*

*McElroy v. Hamilton Cty. Bd. of Educ.*,
    No. 1:12-cv-297, 2012 WL 12871469 (E.D. Tenn. Dec. 20, 2012) (E.D. Tenn.
    Dec. 20, 2012)..........................................................................................................14

*McGoey v. State Farm Ins. Co.*,
    No. 06-8954, 2007 WL 1166352 (E.D. La. Apr. 17, 2007)......................................9

*Morgan v. O'Neil*,
    652 S.W.2d 83 (Ky. 1983) ........................................................................................8

*Mullins v. Marathon Petroleum Co., LP*,
    No. CIV.A. 12-108-HRW, 2013 WL 2285140 (E.D. Ky. May 22, 2013) .................8

*Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*,
    790 F. Supp. 2d 590 (E.D. Ky. 2011) ...................................................................21

*Nelson v. Aim Advisors, Inc.*,
    No. 01-CV-0282-MJR, 2002 WL 442189 (S.D. Ill. Mar. 8, 2002) .........................20

*Newman-Green, Inc. v. Alfonzo-Larrain*,
    490 U.S. 826 (1989) .............................................................................................12

*Randleel v. Pizza Hut of Am., Inc.*,
    182 F.R.D. 542 (N.D. Ill. 1998) ..........................................................................19

*Safeco Ins. Co. of Am. v. City of White House, Tenn.*,
    36 F.3d 540 (6th Cir. 1994) .................................................................................12

*Salisbury v. Purdue Pharma, L.P.*,
    166 F. Supp. 2d 546 (E.D. Ky. 2001) ...........................................................7, 8, 10

*Salmon v. Butler*,
    No. CV 15-109-DLB-REW, 2016 WL 2770525 (E.D. Ky. May 13, 2016)...............12, 19, 20

*Sullivan v. Calvert Mem'l Hosp.*,
    117 F. Supp. 3d 702 (D. Md. 2015) ......................................................13, 15, 16, 18

*Sutton v. Davol, Inc.*,
    251 F.R.D. 500 (E.D. Cal. 2008) ...................................................................15, 18

*Tapscott v. MS Dealer Serv. Corp.*,
    77 F.3d 1353 (11th Cir. 1996) .............................................................................20

*Weiss v. Fujisawa Pharm. Co.*,
    415 F. Supp. 2d 720 (E.D. Ky. 2005) ....................................................................9

**STATUTES**

28 U.S.C. § 1332 ..........................................................................................................2

K.R.S. § 446.070 ..........................................................................................................5

K.R.S. § 517.030 ..........................................................................................................5

**OTHER AUTHORITIES**

CR 8.01 .......................................................................................................................8

CR 9.02 .......................................................................................................................9

Fed. R. Civ. P. 9(b) .....................................................................................................9

iv

Fed. R. Civ. P. 19 ................................................................................................... *passim*

Fed. R. Civ. P. 20 ..................................................................................................18, 19

Fed. R. Civ. P. 21 ................................................................................................... *passim*

## INTRODUCTION

Plaintiff's Complaint names three Kentucky organizations in an obvious attempt to evade federal diversity jurisdiction.  The Complaint makes *zero* factual allegations against these entities, and Plaintiff's Motion to Remand does not and cannot remedy this failure.

This case is one of more than 180 federal actions pending nationwide in which governmental entities like the County here allege that certain pharmaceutical manufacturers, distributors, and physicians engaged in misleading marketing practices related to FDA-approved opioid medications, negligently marketed opioid medications, and/or unreasonably failed to restrict sales to certain customers.  The Kentucky defendants named in this case are not named in *any* case other than this one.  And for good reason:  their conduct—which is <u>not described</u> in the Complaint—is not related or relevant to Floyd County's claims against the Diverse Manufacturer[1] and Physician Defendants.[2]  Nor is the unknown conduct of the Kentucky Distributor Defendant pertinent to the County's claims against the diverse Distributor Defendants.[3]

On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") transferred approximately 60 of these opioid-related actions to the United States District Court for the

---

[1] The Diverse Manufacturer Defendants, each of which is diverse from Plaintiff, are Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. n/k/a Allergan Finance, LLC; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; and Insys Therapeutics, Inc.

[2] The Physician Defendants, each of whom is diverse from Plaintiff, are Russell Portenoy; Perry Fine; Scott Fishman; and Lynn Webster.

[3] The Distributor Defendants are McKesson Corporation; Cardinal Health, Inc.; AmerisourceBergen Corporation; and Richie.  Richie is a citizen of Kentucky.  (Compl. ¶ 102.) The other Distributor Defendants are diverse from Plaintiff.  (*Id.* ¶¶ 85, 92, 97.)

Northern District of Ohio for coordinated multidistrict litigation ("MDL") proceedings.  *See In re*

*Nat'l Prescription Opiate Litig.*, MDL No. 2804, No. 1:17-md-02804-DAP (N.D. Ohio), Doc.

328 (Dec. 5, 2017 Transfer Order).  Since then, the JPML has transferred 124 additional actions

to the MDL, *id.* Doc. 444 (Jan. 2, 2018, CTO-3), and more cases—including this case—have

been conditionally transferred, *id.* Doc. 343 (Dec. 12, 2017, CTO-2).

Of the approximately 180 actions before the MDL, motions for remand are pending in at

least 16, with more likely on the way.  The motions implicate issues that are similar or, in some

cases, identical to those raised in the County's Motion to Remand.  The MDL court is aware of

the motions to remand, and addressed them with the parties in a recent status conference.  *See In*

*re Nat'l Prescription Opiate Litig.*, Doc. 4 (Dec. 14, 2017 Minutes of Teleconference &

Scheduling Order) at 2.  The MDL Court explained that "it would be better to leave the motions

pending for the time being," and address the collective remand issues at a later date.  *Id.*  This

approach will ensure uniform treatment and promote judicial economy.  Because of the

likelihood that this case will be transferred,[4] Defendants respectfully suggest that this Court defer

ruling and permit the MDL to decide Plaintiff's remand motion.

If, however, this Court decides to adjudicate the Motion before this case can be

transferred, it should deny remand, at least as to the Diverse Manufacturer and Physician

Defendants.  This Court is vested with diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff does not dispute that the amount-in-controversy requirement is satisfied.  Instead,

Plaintiff represents that there is not complete diversity because the Complaint names three non-

---

[4] Plaintiff has opposed the Conditional Transfer Order, and the JPML has not yet decided the
issue.  The JPML thus far has moved swiftly to consolidate opioid litigation in the MDL.  In fact,
at least four similar lawsuits, with identical or substantially the same allegations, have been
removed from state court and transferred to the MDL over various objections.  *See infra* at p. 10
(discussing identical allegations in complaints filed by Plaintiff's counsel).

diverse defendants—two pharmaceutical manufacturers, Magna Pharmaceuticals Inc. ("Magna") and Xanodyne Pharmaceuticals Inc. ("Xanodyne"), and one pharmaceutical distributor, Richie Enterprises LLC d/b/a Richie Pharmacal ("Richie") (collectively, the "Non-Diverse Defendants"). Under Kentucky law, merely naming a party in a complaint is insufficient to state a cause of action. Indeed, counsel for Plaintiff have filed complaints similar to the one here in a number of jurisdictions, many of which are now included in the MDL. All of these complaints are virtually identical—save for the substitution of a rotating cast of non-diverse, nominal defendants, joined for the purpose of destroying diversity. The allegations here are lifted verbatim from complaints that predate this action and do not name the Non-Diverse Defendants, thus explaining why the Complaint here does not include a single allegation that could support a claim against Magna, Xanodyne, or Richie.

This Court should ignore the fraudulently joined Non-Diverse Defendants here and deny remand because their citizenship must be disregarded for the purposes of determining whether complete diversity exists. The fraudulent joinder doctrine is aimed, in part, at preventing such efforts to evade diversity jurisdiction.

Separately, under clear and analogous precedent from this Circuit and other circuits, this Court should disregard the citizenship of the non-diverse manufacturer defendants and all Distributor Defendants because they are severable under Federal Rule of Civil Procedure 21 or the doctrine of fraudulent misjoinder. Severance is particularly appropriate here because doing so will allow the diverse parties to benefit from the substantial efficiencies to be gained from the MDL proceedings.

Accordingly, the Court should either allow the MDL court to decide Plaintiff's remand motion, or deny remand as to the Diverse Manufacturer and Physician Defendants, and sever and remand the claims against the Non-Diverse Defendants.

## BACKGROUND

Plaintiff, the County of Floyd, filed a Complaint in the Circuit Court of Floyd County, Kentucky, against multiple out-of-state companies that manufacture and market FDA-approved prescription opioid medications indicated for the management of pain (the "Diverse Manufacturer Defendants"), as well as four out-of-state physicians who participated in the Manufacturer Defendants' promotional activities (the "Physician Defendants"). (Compl. ¶¶ 58-80, 106-109.) The Complaint further alleges that pharmaceutical distributors negligently distributed opioid medications (the "Distributor Defendants"). (*Id.* ¶¶ 726, 724; *see also id.* ¶¶ 726-729.) The Complaint also names the two non-diverse manufacturers, Magna and Xanodyne, as defendants (the "Nominal Manufacturer Defendants"),[5] but it does not allege that these entities engaged in any wrongful conduct. (*Id.* ¶¶ 81-82, 83-84.)

Plaintiff alleges that the Diverse Manufacturer Defendants and the Physician Defendants engaged in a campaign of misrepresentations about the risks of FDA-approved opioid medications. (Compl. ¶¶ 1-53.) As part of this alleged campaign, the Diverse Manufacturer Defendants purportedly paid physicians and others to promote the Diverse Manufacturer Defendants' opioid products. (*Id.* ¶ 15.) Plaintiff further alleges that the Physician Defendants participated in those promotional activities. (*See, e.g.*, *id.* ¶¶ 106-109, 199-214, 414-424.) According to Plaintiff, the Diverse Manufacturer Defendants and Physician Defendants' alleged

---

[5] The Nominal Manufacturer Defendants are both entities are citizens of Kentucky. (*Id.* ¶¶ 81, 83.)

conduct has caused Plaintiff to incur "health care costs, criminal justice and victimization costs, social costs, and lost productivity costs." (*Id.* ¶ 53.)

By contrast, the Complaint alleges no facts at all concerning the Nominal Manufacturer Defendants or the Kentucky Distributor Defendant. And Plaintiff's allegations against the diverse Distributor Defendants are entirely different. Unlike the allegations against the Diverse Manufacturer Defendants and Physician Defendants, none of Plaintiff's allegations against the Distributor Defendants relates to purported misrepresentations about opioid medications. Instead, Plaintiff alleges that the Distributor Defendants "failed in their duty to take any action to prevent or reduce the distribution of [opioids]" or to notice and report "suspicious or alarming orders of opioid pharmaceuticals . . . to the proper authorities and governing bodies . . . ." (*Id.* ¶¶ 726, 724; *see also id.* ¶¶ 726-729.) The Complaint further alleges that the Distributor Defendants failed to "prevent the flow of prescription opioids . . . into Floyd County." (*Id.* ¶ 737.)

The Complaint asserts seven causes of action against "all Defendants," although each claim relates almost entirely to conduct involving the Diverse Manufacturer Defendants and Physician Defendants only, on the one hand, or the Distributor Defendants only, on the other: (1) continuing public nuisance; (2) violations of the Kentucky false advertising statute, K.R.S. §§ 517.030, 446.070; (3) fraud; (4) unjust enrichment; (5) negligence per se; (6) negligent marketing; and (7) negligence. (*Id.* ¶¶ 1-84, pp. 232-243.)[6]

On December 5, 2017, the Judicial Panel on Multidistrict Litigation issued an order creating an opioid-related MDL. *See* Transfer Order, *In re Nat'l Prescription Opiate Litig.*,

---

[6] In pleading the causes of action, the Complaint restarts the paragraph numbering following paragraph 755. For clarity, when referring to the paragraphs alleging the causes of action, Endo cites the paragraph number followed by the page number.

MDL No. 2804, Doc. 328 (Dec. 5, 2017) (attached as **Exhibit 1**).  On December 8, 2017, Endo

timely removed the action to this Court based on diversity jurisdiction.  (Doc. 1.)  On December

12, the JPML conditionally transferred this action to the MDL.  *See* CTO-2, *In re Nat'l*

*Prescription Opiate Litig.*, MDL No. 2804, Doc. 343 (Dec. 12, 2017) (attached as **Exhibit 2**).

On December 18, Plaintiff filed its Motion for Remand (Doc. 5) and a memorandum of law in

support thereof (Doc. 5-1 ("Mot.")).  On January 3, 2018, Plaintiff filed an opposition to the

conditional transfer.  *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 479 (Jan. 3,

2018).

## ARGUMENT

## I.   THE COURT SHOULD DENY THE MOTION TO REMAND AS TO THE DIVERSE MANUFACTURER AND PHYSICIAN DEFENDANTS

Plaintiff's motion to remand should be denied, at a minimum as to the Diverse

Manufacturer and Physician Defendants.  Plaintiff does not dispute that the amount-in-

controversy requirement is satisfied, or that Plaintiff is diverse from the Diverse Manufacturer

and Physician Defendants.  The citizenship of the Non-Diverse Defendants (Magna, Xanodyne,

and Richie) should be ignored because they are fraudulently joined.  Separately, the citizenship

of the Nominal Manufacturer Defendants and the Distributor Defendants (of which only Richie

is non-diverse) should be ignored because they are severable pursuant to Federal Rule of Civil

Procedure 21 or the fraudulent misjoinder doctrine.[7]

---

[7] While only one Distributor Defendant (Richie) is non-diverse, the Court should sever all of the
Distributor Defendants because of the common factual allegations underlying the claims against
those defendants.

### A.      The Court Has Diversity Jurisdiction Because the Non-Diverse Defendants Are Fraudulently Joined

Removal based on diversity jurisdiction is proper where the non-diverse defendants are fraudulently joined.  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("[The] fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.").  A defendant is fraudulently joined where "there can be no recovery under the law of the state on the cause alleged," or no "reasonable basis for predicting that the state law might impose liability on the facts involved."  *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citations and internal quotation marks omitted); *see also Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432–33 (6th Cir. 2012) (citing *Alexander*, 13 F.3d at 949).

"Ordinarily, the question of fraudulent joinder would require that the Court inspect each of [plaintiff's] theories of relief, determining under each count whether [plaintiff] state[s] a colorable cause of action under state law."  *Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 549 (E.D. Ky. 2001).  But where a plaintiff fails to set forth essential allegations against a non-diverse defendant, as the Complaint here fails to do, fraudulent joinder is apparent on the face of the complaint.  *See id.*

In *Salisbury*, plaintiffs brought a products liability action against the manufacturers and pharmacy distributors of OxyContin, alleging, *inter alia*, causes of action for negligence, conspiracy, fraud, unjust enrichment, public nuisance, and a violation of Kentucky's Consumer Protection Act.  *Id.* at 548.  Although the plaintiffs alleged certain wrongful conduct against all defendants, the complaint omitted a key averment:  that the pharmacy defendants sold or supplied OxyContin to plaintiffs.  *Id.* at 549.  This "fatal flaw" in the complaint—the failure to

plead an element essential to each claim—led this Court to find fraudulent joinder, because the "complaint state[d] no cause of action against [the] defendant pharmacies." *Id.*[8]

The Complaint here suffers from a "fatal flaw" even more glaring than the defect in *Salisbury*. Where the *Salisbury* plaintiffs failed to plead a single key allegation against the fraudulently joined defendant, the Complaint in this action contains *no allegations of wrongdoing whatsoever* by Magna, Xanodyne, and Richie. In the Complaint's 245 pages and 750-plus paragraphs, each of the Non-Diverse Defendants earns only a single, generic reference. (Compl. ¶¶ 81-82, 83-84, 102-105.) These boilerplate recitals describe citizenship and allege only that the Non-Diverse Defendants conduct business in Floyd County. (*Id.*) Because none identifies any alleged wrongdoing, these allegations are insufficient to state ***any*** cause of action.

"While it is true that the [Kentucky] Rules of Civil Procedure with respect to stating a cause of action should be liberally construed," courts "cannot read away the requirement of Civil Rule 8.01" that a complaint set forth "a short plain statement of the claim showing that the pleader is entitled to relief." *Morgan v. O'Neil*, 652 S.W.2d 83, 85 (Ky. 1983). "There must be maintained some minimum standard in the art of pleading which must be met." *Id.* (citations omitted); *see also Mullins v. Marathon Petroleum Co., LP*, No. CIV.A. 12-108-HRW, 2013 WL 2285140, at *4 (E.D. Ky. May 22, 2013) (finding a defendant was fraudulently joined in light of allegations that applied generically to the "Defendants" and stating that "if conclusory

---

[8] Plaintiff's attempt to distinguish *Salisbury* is unavailing. (Mot. at 8.) Contrary to Plaintiff's contentions, whether the Non-Diverse Defendants are subject to joint and several liability is irrelevant—Plaintiff must plead facts sufficient to state a claim against *each* defendant. *Salisbury* and related cases stand for the simple proposition that a plaintiff fails to do so where the allegations are deficient or, as here, altogether absent.

*Footnote continued on next page*

8

allegations [are] sufficient, a plaintiff could join anyone as a defendant in any lawsuit merely by including a conclusory allegation that they 'conspired' with the primary defendant").[9]

This is particularly so because when a Complaint includes allegations of fraud, as it does here, the plaintiff must satisfy an even higher pleading standard. *See Griffin v. Middlefork Ins. Agency*, No. CV 17-215-DLB, 2017 WL 4413403, at *3 (E.D. Ky. Oct. 4, 2017) (recognizing that fraud allegations are governed by "special pleading allegations" under both Federal Rule of Civil Procedure 9(b) and Kentucky Rule of Civil procedure 9.02); *see also id.* (citing *Keeton v. Lexington Truck Sales, Inc.*, 275 S.W.2d 723, 726 (Ky. Ct. App. 2008) (An "allegation of fraud in a pleading must set forth the time, place, and substance of the allegedly fraudulent statements.")).

Nor can Plaintiff rely on the Complaint's undifferentiated, generalized allegations purporting to describe conduct of undefined "Defendants," as these allegations are not attributable to the Non-Diverse Defendants. First, "generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined." *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 818 (S.D. Miss. 2002), *aff'd and remanded sub nom. Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003); *see also Weiss v. Fujisawa Pharm. Co.*, 415 F. Supp. 2d 720, 724 (E.D. Ky. 2005) (finding fraudulent

---

[9] *See also Cammack New Liberty, LLC v. Vizterra, LLC*, No. CIV.A. 3:09-15-DCR, 2009 WL 2043568, at *3 (E.D. Ky. July 13, 2009) (finding fraudulent joinder where the complaint did "not allege wrongdoing on the part of" the non-diverse defendant); *First Merchs. Tr. Co. v. Wal-Mart Stores E., LP*, 630 F. Supp. 2d 964, 968 (S.D. Ind. 2008) (finding fraudulent joinder where the complaint made "no allegations of wrongdoing or of any other basis for obtaining relief from" the non-diverse defendant); *McGoey v. State Farm Ins. Co.*, No. 06-8954, 2007 WL 1166352, at *3 (E.D. La. Apr. 17, 2007) (finding fraudulent joinder where the complaint did "not allege any specific wrongdoing by" the non-diverse defendant); *City of Brownsville v. Sw. Bell Tel. Co.*, No. CIV. A. B-90-200, 1991 WL 107403, at *3 (S.D. Tex. June 6, 1991) (finding fraudulent joinder where "only two paragraphs of the complaint even mention" the non-diverse defendant and there is "no allegation of wrongdoing").

joiner in relevant part where plaintiffs' bulk allegations against the "Defendants" were inadequate to allege specific wrongdoing by specific individual defendants); *Couch ex rel. Couch v. Purdue Pharma L.P.*, No. CIV.A. 01-370-DCR, 2002 WL 32097529, at *1, n.4 (E.D. Ky. Jan. 31, 2002) (finding fraudulent joinder where allegations against "all the Defendants" were inadequate to "identify any of [defendant's] specific sales/distribution activity" or establish specific wrongdoing sufficient to state a colorable claim). Second, as in *Salisbury*, "[a]lthough [Plaintiff's] complaint commonly employs the generic term 'defendants,' the context and nature of the individual allegations make clear that only the" diverse defendants are targeted. 166 F. Supp. 2d at 550. Here, the Complaint states that "Defendants" concealed the "risk of addiction from long-term-opioid use," and the paragraphs that follow describe alleged conduct of only the Diverse Manufacturer Defendants, making no mention of the Non-Diverse Defendants. (Compl. ¶¶ 290-301.) These allegations are wholly insufficient to state a claim against the Non-Diverse Defendants.

The Complaint's reliance on bulk allegations that ignore the Non-Diverse Defendants comes as no surprise. Counsel for Plaintiff have filed complaints similar to the one here in a number of jurisdictions, many of which are now subject to the MDL. All of these complaints are virtually identical—save for the substitution of a rotating cast of non-diverse, nominal defendants, joined for the purpose of destroying diversity.[10] The bulk allegations here are lifted verbatim from complaints that predate this action and do not name Magna, Xanodyne, or Richie. *See*, *e.g.*, Complaint, *City of Parma v. Purdue Pharma L.P., et al.*, Case No. 1:17-cv-01872 ECF

---

[10] *See also, e.g., County of Fulton v. Purdue Pharma L.P., et al.*, Case No. 1:17-cv-04757 (N.D. Ga.); *City of Lorain v. Purdue Pharma L.P., et al.*, Case No. 1:17-cv-01639 (N.D. Ohio); *City of Dayton v. Purdue Pharma L.P., et al.*, Case No. 3:17-cv-00229 (S.D. Ohio).

1-2 (N.D. Ohio) (attached as **Exhibit 3**).  It is therefore readily apparent that the recycled bulk

allegations cannot describe conduct of the Non-Diverse Defendants.

Plaintiff also is incorrect that "the Endo Defendants are asking this Court to conclude that

certain allegations in the complaint are simply not true." (Mot. at 9.)  The Non-Diverse

Defendants are party to this suit in name only.  The Complaint alleges only that the Non-Diverse

Manufacturer Defendants are Kentucky corporations that "develop[], market[] or sell[]

prescription drugs, including opioids, in Floyd County and nationally."  Compl. ¶¶ 81-84.  And

the Complaint does not allege that Richie distributes opioids *at all*.  Compl. ¶¶ 102-05.  Contrary

to Plaintiff's unsubstantiated assertion, the Complaint does not allege that the Non-Diverse

Defendants acted in violation of Kentucky statutory or common law.  Because none of the

allegations attributable to the Non-Diverse Defendants are sufficient to state *any* cause of action,

the Non-Diverse Defendants are fraudulently joined.

**B.      The Court Alternatively Has Diversity Jurisdiction Because the Distributor Defendants and Nominal Manufacturer Defendants Should Be Severed Under Federal Rule of Civil Procedure 21**

Alternatively, even where the face of a complaint shows a lack of complete diversity,

removal based on diversity jurisdiction is nonetheless proper if the claims against any non-

diverse defendants are severable under Rule 21.  Defendants are severable under Rule 21 if they

are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently

distinct from claims against other defendants under Rule 20.  Here, the claims against the

Distributor Defendants and Nominal Manufacturer Defendants should be severed on both

grounds.

**1.      The Distributor Defendants and Nominal Manufacturer Defendants Are Unnecessary and Dispensable Parties Under Rule 19**

"Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain

11

diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party." *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time.").

Under a straightforward application of Rule 21, the Distributor Defendants and Nominal Manufacturer Defendants should be severed to perfect diversity jurisdiction here.[11]  The claims against the Distributor Defendants allege that they failed to report suspicious opioid orders and prevent the "flow" of opioids into Floyd County and negligently distributed opioid medications. (Compl. ¶¶ 85-105, 710-755).  By contrast, the claims against the Diverse Manufacturer and Physician Defendants allege that they deceptively promoted opioid medications by misrepresenting the risks of using the medications.  (*Id.* ¶¶ 1-53.)  The claims against the Distributor Defendants are entirely different from the claims against the Diverse Manufacturer and Physician Defendants.  The lack of any overlap in factual allegations renders the Distributor Defendants severable under clear and analogous precedent.

This Court's decision in *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015), is particularly instructive.  There, Kentucky plaintiffs brought claims for negligence, fraud, and products liability against the out-of-state

---

[11] Given that the Complaint includes no allegations whatsoever regarding conduct of the Nominal Manufacturer Defendants, Plaintiff has no basis to contend that the Nominal Manufacturer Defendants are necessary or indispensable parties. Indeed, the Motion to Remand makes no effort to demonstrate that the Nominal Manufacturer Defendants are necessary or indispensable, and Plaintiff's Rule 19 and 21 arguments address only the Distributor Defendants.  Plaintiff is foreclosed from addressing this issue for the first time in its reply brief. *See, e.g.*, *Salmon v. Butler*, No. CV 15-109-DLB-REW, 2016 WL 2770525, at *2 (E.D. Ky. May 13, 2016) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)).

manufacturers of pelvic mesh implants. *Id.* at *1. Plaintiffs also brought malpractice claims against a physician who performed the implant surgery and a medical clinic, both Kentucky citizens. *Id.* Despite the presence of the non-diverse healthcare provider defendants, the district court denied remand as to the manufacturers. *Id.* at *6.

Following Sixth Circuit precedent, the *Mayfield* court explained that "it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity." *Id.* at *3 (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763 (6th Cir. 1999)). The court reasoned that the healthcare defendants were not necessary parties because the claims against them were "highly distinct" from those against the manufacturer defendants, "based on completely different factual allegations." *Id.* at *4. The physician "had nothing to do with the design, manufacture or sale of a single pelvic mesh implant" and thus severing the healthcare defendants would adequately allow them to "protect[] their interests in state court, and their absence will not expose [the manufacturer] to double or inconsistent obligations in federal court." *Id.* And, the court explained, because the healthcare defendants were not necessary parties, they also could not be indispensable parties, but in any event the plaintiffs' ability to "proceed[] against the [the healthcare defendants] in state court is an adequate legal remedy." *Id.* at 5.

Numerous other courts have taken the same approach on analogous facts—*i.e.*, severed dispensable, non-diverse defendants under Rule 21 and denied remand as to diverse manufacturer defendants. *See*, *e.g.*, *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 872-73 (N.D. Ohio 2009) (severing claims against non-diverse healthcare providers because, in relevant part, the healthcare provider defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against [the manufacturer]");

*Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015) (holding non-diverse defendants "are not necessary parties . . . because the resolution of [plaintiff's] claims against the [non-diverse defendants] would not necessarily resolve [plaintiff's] claims against the [diverse manufacturer].");  *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010) (non-diverse doctor unnecessary because plaintiff alleged that the diverse manufacturer "is liable for defective design, manufacture, and advertisement of [the product]," whereas plaintiff's claims against the non-diverse doctor related to the propriety of decedent's medical treatment); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3-4 (N.D. Ohio July 8, 2009) (severing non-diverse defendants where plaintiff's claims against them "focus on [plaintiff's] interactions with the[m], interpretations of medical tests, and subsequent treatment[,]" and which "differ from [plaintiff's] product liability claims which focus on the [diverse manufacturers'] conduct in manufacturing, distributing, promoting, and marketing" the product); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012) (severing non-diverse defendant as unnecessary and denying remand as to diverse defendants where the "claims against the [diverse defendants] will bear little resemblance to the claims against the [non-diverse defendant]").[12]

As in the many cases cited above, there is no overlap here between the factual allegations against the Distributor Defendants, on the one hand, and those against the Diverse Manufacturer and Physician Defendants, on the other, as would make the Distributor Defendants necessary or

---

[12] *See also Kelly v. Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013) (severing non-diverse healthcare provider defendants and thus denying remand as to diverse manufacturer defendants); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3-4 (N.D. Ohio July 8, 2009) (same); *Lucas v. Springhill Hosps., Inc.*, No. 1:09HC60016, 2009 WL 1652155, at *2, 4 (N.D. Ohio June 11, 2009) (denying motion to remand following severance of non-diverse defendants by Judicial Panel on Multidistrict Litigation).

indispensable to this action.  Indeed, resolution of Plaintiff's claims against the Distributor

Defendants plainly would not resolve its claims against the Diverse Manufacturer or Physician

Defendants, and vice-versa.  *See*, *e.g.*, *Baxter*, 614 F. Supp. 2d at 872 (non-diverse defendants

unnecessary where "the resolution of a claim against them would not necessarily resolve the

[plaintiffs'] claim against" the diverse defendant); *Sullivan*, 117 F. Supp. 3d at 707 (same);

*DeGidio*, 2009 WL 1867676, at *3 (same).  If Plaintiff wants to pursue claims against the

Distributor Defendants, it has an "adequate remedy . . . in state court."  *Baxter*, 614 F. Supp. 2d

at 873.

Severance is particularly appropriate in this case because it will allow the diverse parties

to benefit from the significant efficiencies to be gained from participation in coordinated MDL

proceedings in the Northern District of Ohio.  *See* CTO-2, *In re Nat'l Prescription Opiate Litig.*,

MDL No. 2804, ECF 343 (Dec. 12, 2017) (**Exhibit 2**).  Multiple courts have recognized the

importance of these efficiencies in severing non-diverse defendants and denying remand as to

diverse defendants.  *E.g.*, *Sullivan*, 117 F. Supp. 3d at 707 ("Severance is particularly appropriate

in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse

manufacturer] to Multi-District Litigation."); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D.

Cal. 2008) ("Plaintiff's claims against the [non-diverse] Defendants are severed and remanded

pursuant to Rule 21 . . . so as to preserve the removing Defendants' right to removal in the

remaining multidistrict action and preserve the interests of judicial expediency and justice so that

all pre-trial discovery on the products liability case can be coordinated in a single forum."); 

*Baxter*, 614 F. Supp. 2d at 873 ("[P]laintiffs will benefit from the MDL process:  they will not

bear the burden of having to engage on their own, and at their sole expense, in discovery vis-à-

vis [the diverse manufacturer].");  *Mayfield*, 2015 WL 3440492, at *5 ("[I]f the surviving federal

15

claims are transferred to the Ethicon MDL, the prospect of dual litigation has undeniable

upside.").

> As one court explained in materially identical circumstances:

> The Court's decision to sever . . . [the non-diverse healthcare provider]
> will not greatly prejudice [plaintiff], but failure to do so could subject [the
> diverse manufacturer defendant] to considerable prejudice. [Plaintiff] will
> be forced to pursue two separate suits, but it will not alone bear the
> administrative and financial burdens of pursuing its claims against [the
> manufacturer] in the MDL proceedings. For its part, [the manufacturer]
> could be exposed to numerous related suits if courts considering suits
> similar to this one refused to sever claims against [the manufacturer] from
> those against the providers that prescribed [the drug].

*Cooke-Bates*, 2010 WL 3984830, at *4 (internal citations omitted). In the circumstances here,

"forcing the [Diverse Manufacturer and Physician Defendants] to litigate . . . claims in state

courts throughout the country whenever and wherever the claims might be joined to claims

against [Distributor or Nominal Manufacturer Defendants] . . . would defeat the entire purpose of

the MDL." *Sullivan*, 117 F. Supp. 3d at 707; *see also Beshear v. Volkswagen Grp. of Am., Inc.*,

No. 16-CV-27-GFVT, 2016 WL 3040492, at *7 (E.D. Ky. May 25, 2016) (granting defendants'

motion to stay and stating that "[m]any courts recognize the interests of judicial economy in

issuing a stay are enhanced when a motion for transfer is pending before the JPML").

Plaintiff's remand motion does little to rebut any of this, and nowhere contests this

Court's authority to sever the Distributor Defendants and the Nominal Manufacturer Defendants.

Plaintiff's counsel correctly notes that the *Mayfield* decision was largely driven by a "pending

transfer . . . order from the United States Judicial Panel on Multidistrict Litigation." (Mot. at 15.)

That is, of course, precisely the case here—the JPML issued a conditional transfer order on

December 12, 2017, which includes this case. *See* CTO-2, *In re Nat'l Prescription Opiate Litig.*,

MDL No. 2804, ECF 343 (Dec. 12, 2017) (**Exhibit 2**). And like *Mayfield*, resolution of the

claims against the Diverse Manufacturer Defendants is not necessary to resolve claims against

16

the Distributor Defendants, whose liability rests on a discrete set of allegations.[13]  Thus, Plaintiff's attempt to distinguish *Mayfield* on this basis fails.

Plaintiff offers no meaningful argument as to why that the Distributor Defendants are necessary and indispensable parties (Mot. at 10-14).  Plaintiff's only argument is that *Baxter* is "easily distinguishable and was recently distinguished by this Court" (*id.* at 10), citing *Johnson v. Bartley*, 2015 WL 5612251 (E.D. Ky. Sept. 21, 2015).  However, in *Johnson*, this Court distinguished *Baxter* and declined to sever **because** there was no MDL:  "Here . . . there is no MDL, which means *Mayfield* [and *Baxter* are] distinguishable on [their] facts."  *Id.* at *3.  If anything, *Johnson* counsels in favor of severance.

Plaintiff also fails to cite a single case supportive of its argument.  (Mot. at 10-14.) Instead, Plaintiff contends that the Distributor Defendants are necessary and indispensable because they "are an essential part in the chain of distribution" (*id.* at 12) and the Complaint asserts claims against all of the "Manufacturer, Physician, and Distributor Defendants" (*id.* at 8). But these assertions merely cast the Distributor Defendants as joint tortfeasors, and "the great weight of authority shows that joint tortfeasors are not necessary parties under Rule 19." *Mayfield*, 2015 WL 3440492, at *4 (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990); *DeGidio*, 2009 WL 1867676, at *4 ("Because indispensable parties are a subset of necessary parties, given my conclusion that the [non-diverse defendants] are not necessary parties, they cannot be indispensable either.") (internal quotation marks and citation omitted).

Plaintiff further asserts that there would be a risk of "inconsistent judgments" if the Distributor Defendants were severed from the action.  (Mot. at 13.)  That argument overlooks the

---

[13] As noted above, the Nominal Manufacturer Defendants, the basis of whose liability is not stated in the Complaint, are similarly dispensable precisely because their conduct is not alleged to be related to the conduct of the Diverse Manufacturer or Physician Defendants.

fact that the potential liability of the Diverse Manufacturer and Physician Defendants is not intertwined with or dependent upon any liability against the Distributor Defendants, and vice-versa. The theory of liability against the Diverse Manufacturer and Physician Defendants is that they misrepresented the risks of their opioid medications in marketing and promoting the medications. That is an entirely separate inquiry from whether the Distributor Defendants are liable for failing to report suspicious opioid orders. On their face, the claims against the Distributor Defendants, on the one hand, and the Diverse Manufacturer and Physician Defendants, on the other, are not "inextricably linked" and do not "aris[e] out of a singular incident." (Mot. at 13.)[14]  Severance is thus particularly appropriate because "the claims involve different legal standards and different factual allegations." *Kelly*, 2013 WL 2358583, at *3.

Plaintiff also asserts that the interests of "[j]udicial efficiency and conservation of judicial resources" weigh against severance (Mot. at 14), but Plaintiff ignores that severance will allow the diverse parties and the judiciary to benefit from the significant efficiencies of MDL proceedings, and courts across the country have repeatedly recognized the importance of these efficiencies in severing non-diverse defendants under Rule 21. *E.g.*, *Sullivan*, 117 F. Supp. 3d at 707; *Cooke-Bates*, 2010 WL 3984830, at *4; *Baxter*, 614 F. Supp. 2d at 873; *Mayfield*, 2015 WL 3440492, at *5; *Sutton*, 251 F.R.D. at 505.

### 2.   The Distributor Defendants and Nominal Manufacturer Defendants Are Also Misjoined Under Rule 20

The claims against the Distributor and Nominal Manufacturer Defendants also are misjoined under Rule 20, which provides a separate and distinct basis for severance.[15]  Rule 21

---

[14] For this reason, Plaintiff's assertion that "[r]ecords of both the Manufacturer and Distributor [D]efendants will be essential" to the action is speculative at best. (Mot. at 12.)

[15] Plaintiff offers no response to the argument that the Distributor Defendants or the Nominal Manufacturer Defendants are misjoined under Rule 20 and consequently severable. Plaintiffs are

*Footnote continued on next page*

permits severance of claims against the Distributor and Nominal Manufacturer Defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against the Diverse Manufacturer and Physician Defendants.  Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule 21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a).") (citation omitted). Courts in this Circuit and other circuits have repeatedly denied remand as to diverse defendants and severed claims against non-diverse defendants where the claims against the non-diverse defendants were separate and distinct, and arose from different transactions or occurrences.[16] Because of the distinct factual underpinnings of the claims against the diverse and non-diverse defendants here, these claims cannot properly be joined together.

That Plaintiff asserts its causes of action against "all Defendants" changes nothing. Severance is appropriate because the *factual basis* for Plaintiff's claims against the Diverse Manufacturer Defendants and Physician Defendants (alleged misrepresentations) is separate and distinct from the factual basis giving rise to Plaintiff's claims against the Distributor Defendants (alleged failure to prevent or reduce the distribution of opioid products or to report suspicious

---

foreclosed from raising this argument for the first time in their reply.  *Butler*, 2016 WL 2770525, at *2.

[16] *See, e.g.*, *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008) (severing misjoined non-diverse defendants and denying remand as to diverse defendants, holding that, even though the claims against the diverse and non-diverse defendants "seek to recover for all or part of the same underlying loss[,]" the claims were nevertheless misjoined because they were "wholly distinct"); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003) (severing misjoined claims under Rule 21 where plaintiff "allege[d] that many individuals have wronged it in the same way, but in separate transactions or occurrences"); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998) (severing misjoined claims where "the factual scenarios underlying each incident are different, the times are different, and the people involved are different" (footnote omitted)).

orders) and the Nominal Manufacturer Defendants (no allegations of wrongdoing at all).  *See*

*Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the

defendants in the individual counts of the petition, the counts clearly arise from two different sets

of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D.

Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same

legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . .

[and] does not mean that there are common issues of law and fact sufficient to satisfy Rule

20(a)."). And, as in *Mayfield*, if Plaintiff truly wants to pursue claims against the Distributor

Defendants or the Nominal Manufacturer Defendants, "proceeding against [them] in state court

is an adequate legal remedy."  *Mayfield*, 2015 WL 3440492, at *5.

> **C.     In the Alternative, the Court Can Uphold Removal Under the Fraudulent
> Misjoinder Doctrine**

As an alternative to severance under Rule 21, the citizenship of the Distributor and

Nominal Manufacturer Defendants should be ignored for purposes of diversity jurisdiction under

the fraudulent misjoinder doctrine.  Plaintiff's Motion to Remand fails to acknowledge, let alone

address, the doctrine.  Plaintiff is foreclosed from addressing this argument for the time in its

reply, as well.  *Butler*, 2016 WL 2770525, at *2.

"Fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining

the unrelated claims of non-diverse party plaintiffs against a defendant, or . . . by misjoining the

unrelated claims of a plaintiff against non-diverse party defendants."  *Baxter*, 614 F. Supp. 2d at

874 (citation omitted); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir.

1996), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.

2000).  As explained above, Plaintiff's claims against the Diverse Manufacturer Defendants and

the Physician Defendants are separate and distinct from Plaintiff's claims against the Distributor

Defendants, including Richie, and the Nominal Manufacturer Defendants.  There is no plausible

basis for their inclusion in this lawsuit other than to defeat diversity.

Indeed, in opioid-related cases like this one, federal district courts recently relied on the

fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny

remand based on diversity jurisdiction.  *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*,

No. 1:17-00946, 2017 WL 2843614, at *5 (S.D. W. Va. July 3, 2017); *City of Huntington v.*

*AmerisourceBergen Drug Corp.*, No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug.

3, 2017).  In *McKesson Corp.*, the plaintiff filed suit in state court against diverse distributors of

opioid products for allegedly "flood[ing] McDowell County with opioids well beyond what was

necessary to address pain and other [legitimate] reasons," and also against a non-diverse doctor

for allegedly "provid[ing] written opioid prescriptions for patients, knowing that the drugs were

likely to be abused, diverted or misused."  2017 WL 2843614, at *1.  The court found that these

claims were fraudulently misjoined and accordingly denied remand because "plaintiff's claims

against the [distributors] and the claims against [the doctor]" lacked "common questions of law

or fact" and were "separate and distinct."  *Id.* at *5.  In *AmerisourceBergen Drug Corporation*,

the court reached the same conclusion for substantially similar reasons.  2017 WL 3317300, at

*5 (claims against diverse and non-diverse defendants were "separate and distinct").

While the Sixth Circuit has not yet adopted the fraudulent misjoinder doctrine, at least

one other court within this district has applied the doctrine.  *Asher v. Minn. Mining & Mfg. Co.*,

No. Civ.A. 04-CV-522, 2005 WL 1593941, at *7-8 (E.D. Ky. June 30, 2005) (adopting

fraudulent misjoinder doctrine and articulating a standard that requires no "reasonable basis for

finding that the Plaintiff's claims were properly joined"); *but see Murriel-Don Coal Co. v. Aspen*

*Ins. UK Ltd.*, 790 F. Supp. 2d 590, 599 (E.D. Ky. 2011) (declining to adopt the fraudulent

21

misjoinder doctrine).  As in *Asher*, there is "no reasonable basis" to find that the claims against

the Nominal Manufacturer and Distributor Defendants are properly joined here.

## CONCLUSION

For the foregoing reasons, the Court should either allow the MDL court to decide

Plaintiff's remand motion or deny the motion.

DATED:  January 8, 2018         /s/ Robert J. Benvenuti, III
                                        Robert J. Benvenuti, III
                                        BARNETT BENVENUTI & BUTLER PLLC
                                        489 East Main Street, Suite 300
                                        Lexington, KY 40507
                                        (859) 226-0312
                                        robert.benvenuti@bbb-law.com

                                        Sean Morris*
                                        John D. Lombardo*
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        777 S. Figueroa Street
                                        44th Floor
                                        Los Angeles, CA 90017
                                        (213) 243-4000
                                        Sean.Morris@apks.com

                                        Attorneys for Defendants
                                        ENDO HEALTH SOLUTIONS, INC. and
                                        ENDO PHARMACEUTICALS INC.
                                        *denotes national counsel who will seek pro hac*
                                        *vice admission*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I further certify that I mailed the foregoing document by first class mail to the following non-CM/ECF participants:

Joseph L. Ciaccio
Paul J. Napoli
Salvatore C. Badala
Paul B. Maslo
Napoli Shkolnik PLLC
360 Lexington Avenue
11th Floor
New York, NY 10017

Magna Pharmaceuticals, Inc.
Warren P. Lesser
10801 Electron Drive
Suite 100
Louisville, KY 40299

Alvin L. Emch
Jackson Kelly PLLC - Charleston WV
500 Lee Street East
Suite 1600
P.O. Box 553
Charleston, WV 25322

Bobby H. Richardson
Richardson Gardner & Alexander
117 E. Washington Street
Glasgow, KY 42141

Cecily J. McLeod
Chad Shultz
Gordon & Rees, LLP - GA
3455 Peachtree Road
Suite 1500
Atlanta, GA 30326

Charles C. Lifland
O'Melveny & Myers LLP - CA
400 S. Hope Street, Floor 18
Los Angeles, CA 90071

Donna Welch
Martin Roth
Timothy Knapp
Kirkland & Ellis LLP - Chicago
300 N. LaSalle Street
Chicago, IL 60654

Jennifer G. Levy
Kirkland & Ellis LLP - Washington DC
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005

Hayden A. Coleman
Sheila L. Birnbaum
Quinn Emanual Urquhart & Sullivan LLP - NY
51 Madison Avenue
Floor 22
New York, NY 10010-1603

J. Matthew Donohue
Joseph L. Franco
Holland & Knight LLP - OR
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204

Patrick J. Fitzgerald
Skadden Arps Slate Meagher & Flom - New York
Four Times Square
New York, NY 10036

Robert A. Nicholas
Shannon E. McClure
Reed Smith, LLP - Philadelphia
1717 Arch Street
Three Logan Square, Suite 3100
Philadelphia, PA 19103

24

S. Amy Spencer
Shaheen & Gordon, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302-2703

Steven A. Reed
Morgan Lewis & Bockius LLP - Philadelphia
1701 Market Street
Philadelphia, PA 19103-2921

This 8th day of January, 2018

    /s/ Robert J. Benvenuti, III
    Robert J. Benvenuti, III
    BARNETT BENVENUTI & BUTLER PLLC
    489 East Main Street, Suite 300
    Lexington, KY 40507
    (859) 226-0312
    robert.benvenuti@bbb-law.com