UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| THE COUNTY OF FLOYD, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 7:17-cv-00186-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| PURDUE PHARMA L.P., et al., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 2, 2017, Plaintiff, The County of Floyd, filed a complaint in the Circuit Court of Floyd County, Kentucky.  This complaint named twenty-seven defendants, alleging counts of public nuisance, violations of Kentucky's false advertising statutes (KRS § 517.030, KRS § 446.070), fraud, unjust enrichment, negligence per se, negligent marketing, and negligence against all twenty-seven defendants. [R. 1-1 at 255–268.] On December 8, 2017, two of the defendants removed the case to this Court. [R. 1.]  Now, The County of Floyd has moved to remand the case back to state court. [R. 5.]

The twenty-seven defendants in this case can be divided into groups and subgroups. Purdue Pharma, LP, Purdue Pharma, Inc., and The Purdue Frederick Company, Inc. are known collectively as "Purdue." [R. 1-1 at ¶58.] Teva Pharmaceuticals USA, Inc. and Cephalon, Inc. are recognized together as "Cephalon." *Id.* at ¶64. Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. (n/k/a Janssen Pharmaceuticals, Inc.), and Janssen Pharmaceutica, Inc. (n/k/a Janssen Pharmaceuticals, Inc.) are referred to as "Janssen." *Id.* at ¶70. Endo Pharmaceuticals, Inc. and Endo Health Solutions are

identified as "Endo." *Id.* at ¶74. Allergan, PLC (f/k/a Actavis, PLC), Actavis Inc. (f/k/a Watson Pharmaceuticals, Inc.), Watson Laboratories, Inc., Actavis, LLC, and Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.) are jointly discussed as "Actavis." *Id.* at ¶77.

Purdue, Cephalon, Janssen, Endo, and Actavis, in addition to Insys Therapeutics, Inc., Magna Pharmaceuticals, Inc., and Xanodyne Pharmaceuticals, Inc. are all pharmaceutical manufacturers, the "Manufacturing Defendants." [R. 1 at ¶1.] McKesson Corporation, Cardinal Health, Inc., AmerisourceBergen Corporation, and Richie Enterprises, LLC (d/b/a Richie Pharmacal) are all pharmaceutical distributors, the "Distributor Defendants." *Id.* at ¶1. Russell Portenoy, M.D., Perry Fine, M.D., Scott Fishman, M.D., and Lynn Webster, M.D. are all physicians involved in the manufacturing or distribution of pharmaceuticals, the "Physician Defendants." [R. 1-1 at ¶106, ¶107, ¶108, and ¶109.] Only Richie Enterprises, LLC, Magna Pharmaceuticals, Inc., and Xanodyne Pharmaceuticals, Inc. are Kentucky defendants. *Id.* at ¶58–109.

This case is similar to the approximately twenty additional cases brought before this Court,[1] suing the manufacturers and distributors of opioid prescription medications for allegedly deceptive practices in promoting the medication. These cases have been transferred to the

---

[1] *See Boone County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 2:17-cv-00157; *Pendleton County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 2:17-cv-00161; *Campbell County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 2:17-cv-00070; *Franklin County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, 3:17-cv-00071; *Shelby County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 3:17-cv-00072; *Henry County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 3:17-cv-00073; *Boyle County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 5:17-cv-00367; *Fleming County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 5:17-cv-00368; *Garrard County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 5:17-cv-00369; *Lincoln County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, 5:17-cv-00370; *Madison County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 5:17-cv-00371; *Nicholas County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 5:17-cv-00373; *Bell County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 6:17-cv-00246; *Harlan County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 6:17-cv-00247; *Knox County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 6:17-cv-00248; *Leslie County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 6:17-cv-00249; *Whitley County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 6:17-cv-00250; *Clay County Fiscal Court v. AmerisourceBergen Drug Corporation, et al.*, No. 6:17-cv-00255.

Northern District of Ohio for Multidistrict Litigation. *See In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, 2017 WL 6031547 (N.D. Ohio, Dec. 5, 2017). Of the defendants named by The County of Floyd, only Insys Therapeutics, Inc., Richie Enterprises, LLC, Magna Pharmaceuticals, Inc., and Xanodyne Pharmaceuticals, Inc. are not named in the Multidistrict Order. *Id.* In the Transfer Order, Judge Polster stated:

> Plaintiffs in the actions before us are cities, counties and states that allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates. All actions involve common factual questions about, inter alia, the manufacturing and distributor defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates, as well as the manufacturers' alleged improper marketing of such drugs. Both manufacturers and distributors are under an obligation under the Controlled Substances Act and similar state laws to prevent diversion of opiates and other controlled substances into illicit channels. Plaintiffs assert that defendants have failed to adhere to those standards, which caused the diversion of opiates into their communities. Plaintiffs variously bring claims for violation of RICO statutes, consumer protection laws, state analogues to the Controlled Substances Act, as well as common law claims such as public nuisance, negligence, negligent misrepresentation, fraud and unjust enrichment.
>
> The parties opposing transfer stress the uniqueness of the claims they bring (or the claims that are brought against them), and they argue that centralization of so many diverse claims against manufacturers and distributors will lead to inefficiencies that could slow the progress of all cases. While we appreciate these arguments, we are not persuaded by them. All of the actions can be expected to implicate common fact questions as to the allegedly improper marketing and widespread diversion of prescription opiates into states, counties and cities across the nation, and discovery likely will be voluminous. Although individualized factual issues may arise in each action, such issues do not – especially at this early stage of litigation – negate the efficiencies to be gained by centralization. The transferee judge might find it useful, for example, to establish different tracks for the different types of parties or claims. The alternative of allowing the various cases to proceed independently across myriad districts raises a significant risk of inconsistent rulings and inefficient pretrial proceedings. In our opinion, centralization will substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions. Centralization will also allow a single transferee judge to coordinate with numerous cases pending in state courts. Finally, we deny the

> requests to delay transfer pending rulings on various pretrial motions (e.g., motions to dismiss or to remand to state court) or until the completion of document discovery in City of Chicago.

*Id.* at *3.

By naming the same set of defendants and alleging the same set of complaints, this action is likely to be consolidated with *In re Nat'l Prescription Opiate Litig.* Judge Polster has indicated his desire to address motions to remand collectively, as several other actions in the multidistrict litigation have also named non-diverse defendants. Thus, this Court finds that a deferral of the Motion to Remand is appropriate. Being sufficiently advised, the Court hereby **ORDERS** as follows:

1. The Plaintiff's Motion for Remand [R. 5] is **DEFERRED** pending a determination of the Judicial Panel on Multidistrict Litigation;

2. This action shall be **STAYED** pending a determination of the Judicial Panel on Multidistrict Litigation;

3. Plaintiff's counsel will continue to effectuate service of the Complaint and/or any Amended Complaint in this action;

4. Defendants will make a formal notice of appearance and necessary court administrative filings in a timely manner after service; and

5. The parties **SHALL FILE** a status report no later than **one-hundred and eighty (180) days** from the date of entry of this order explaining any relevant developments.

This the 19th day of January, 2018.

Gregory F. Van Tatenhove
United States District Judge